**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**MICHAEL LORUSSO,**

    **Petitioner,**

v.                                                Case No. 1:25cv105-TKW/MAF

**SECRETARY, Florida Department
Of Children and Families,[1]**

    **Respondent.**

_____/

**ORDER and
REPORT AND RECOMMENDATION**

On or about April 14, 2025, Petitioner Michael LoRusso, a state pre-trial detainee at the North Florida Evaluation and Treatment Center in Gainesville, Florida, filed a pro se hand-written petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. After direction from this Court, *see* ECF No. 9, Petitioner LoRusso submitted a motion for leave to proceed in forma pauperis (IFP), ECF No. 11, and an amended § 2241

---

[1] As indicated herein, a writ of habeas corpus should be directed to "the person having custody of the person detained." 28 U.S.C. § 2243. "In challenges to present physical confinement, . . . the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004). Because Petitioner LoRusso is currently confined at the North Florida Evaluation and Treatment Center in Gainesville, Florida, his immediate custodian appears to be the warden of that facility. *See* ECF No. 1; Fed. R. Civ. P. 17(d); Fed. R. Civ. P. 25; Rule 2(a), R. Gov. § 2254 Cases. Nevertheless, in this case, the Chief Assistant Attorney General has specifically indicated that "the proper respondent is the Secretary of the Florida Department of Children and Families." ECF No. 13 at 2. Accordingly, the Clerk of Court shall substitute the Secretary of the Florida Department of Children and Families as the sole Respondent in this case.

petition, ECF No. 10.  By order on June 3, 2025, this Court granted the IFP motion and directed Respondent State of Florida and the Attorney General of the State of Florida to file an answer, motion, or other response to the § 2241 petition on or before August 4, 2025.  ECF No. 12.

On July 22, 2025, Respondent filed a Motion to Dismiss Petition for Failure to Name a Proper Respondent.  ECF No. 13.  In response, Petitioner LoRusso has filed a "Petition to Amend Petition."  ECF No. 14.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show Respondent's motion should be denied.

## **Procedural Background**

Petitioner LoRusso challenges his pre-trial detention in Pinellas County Circuit Court case number 24-06524-CF, in which he has been charged by felony information filed July 8, 2024, with aggravated stalking on or between January 18, 2022, and June 1, 2024, and making a false report of child abuse or between March 1, 2024, and March 24, 2024, both third degree felonies.

*See* ECF No. 10-1 at 6, 31.  It appears, from information on the website for the Florida Department of Corrections (DOC), that LoRusso was incarcerated in the DOC during the time period of these offenses.  *See* pubapps.fdc.myflorida.com/offenderSearch/detail.

In his amended § 2241 petition, LoRusso indicates the state court found him incompetent to proceed, ECF No. 10 at 2; he has attached a copy of a state court order filed November 22, 2024, by a judge of the Sixth Judicial Circuit Court, Pinellas County, adjudging him incompetent to proceed and committing him to the Department of Children and Families, in case number 24-06524-CF, ECF No. 10-1 at 9-16.  He has also attached a copy of an Order Denying Petition for Writ of Habeas Corpus entered April 10, 2025, by Chief Judge Shawn Crane, from the Sixth Judicial Circuit, Pinellas County, ECF No. 10-1 at 40-41, as well as a copy of an Order Striking Petition for Writ of Habeas Corpus entered April 29, 2025, by Judge Donna M. Klein, from the Eighth Judicial Circuit, Alachua County, ECF No. 10-1 at 36-39.  LoRusso lists six grounds in his amended petition:

    (1) **"An order of violation of entitled due process"**:  Petitioner explains "[t]hat in an evaluation of Dr. Valencia McClain determined that Petitioner is incompetent due to a history while in the Florida Department of Corrections of a diagnosis of schizophrenia."  ECF No. 10 at 3.

    (2) **"That accord to Supreme Court in Vitek v. Jones"**:  Petitioner explains "[t]hat the Supreme Court ruled in a[] hearing of a[n]

involuntary transfer to mental hospital must have a hearing.  No hearing is a violation of entitled due process." *Id*. at 3.  In answering whether he exhausted this ground, Petitioner indicates that "all grounds been forward to Middle District Ocala Division Case No. 5:24-CF-705-KKM-PRL to forward a Response as ordered by Federal Judge Philip Lamens." *Id*.

(3) **"That much like Federal Judges have stopped the round-up of law abiding citizens under the Alien and Enemies Act which convicted felon Donald Trump wanted to treat the Bill of Rights like a roll of Charmin"**:  Petitioner indicates, in addressing exhaustion, that "[a]ll relevant still pending in the courts." *Id*. at 4.

(4) **"That Petitioner is being [denied] Constitutional rights"**:  Petitioner explains that he "is being held on a[n] involuntary transfer to a state mental hospital without a hearing, due to a[n] evaluation of Dr. McClain which is flawed." *Id*. at 4.

(5) **"That while in Respondent's care . . . a diagnosis of schizophrenia"**:  As supporting facts, Petitioner indicates "to produce [sic] what licensed psychologist to determine that Petitioner [has] been diagnos[ed] with schizophrenia" and references "Status Report of May 8th, 2023 to Federal Judge Mary Scriven." *Id*. at 5.

(6) **"That Respondent furnished falsified statements to a federal court"**:  Petitioner explains that "[a]s with criminal case 20-04126CF is being challenged in Case No. 8:22-CV-2258-MSS-TGW that furnished lies, obstruction of justice, falsified mental health diagnosis." *Id*.  Petitioner indicates, "Furnish to the Court at an evidentiary hearing of what licensed psychologist determined that Petitioner [has] been diagnos[ed] with schizophrenia" as "[n]o record case of schizophrenia . . . at the age of 54." *Id*.

He left blank the section of the petition, Question 8, requesting him to specify the relief sought.  *See id*. at 6.

By order on June 3, 2025, this Court directed Respondent State of Florida and the Attorney General of the State of Florida to file an answer, motion, or other response to the § 2241 petition on or before August 4, 2025. ECF No. 12. On July 22, 2025, Respondent filed a Motion to Dismiss Petition for Failure to Name a Proper Respondent. ECF No. 13.

In response, Petitioner LoRusso has filed a "Petition to Amend Petition," considered as a reply to the motion to dismiss. ECF No. 14. To the extent LoRusso, in this filing, requests appointment of counsel and an evidentiary hearing, such is denied at this point. The Court notes, however, that Petitioner LoRusso does have appointed counsel in the case of his that he references in the Middle District of Florida, in which counsel has filed an amended petition for habeas corpus relief pursuant to § 2254, challenging an earlier state court conviction for aggravated stalking. *See* ECF No. 216 (Amended Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254), filed July 22, 2025, in LoRusso v. Sec'y, Dep't of Corr., No. 8:22cv2258-MSS-TGW (M.D. Fla.).

## Analysis

Pursuant to 28 U.S.C. § 2241(a), a federal district court may grant a writ of habeas corpus. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws

or treaties of the United States." 28 U.S.C. § 2241(c)(3). "State pre-trial detention . . . might violate the Constitution or the laws or treaties of the United States," but "a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court,'" as referenced in and required by § 2254, and thus "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

Rather than responding to Petitioner LoRusso's listed grounds and providing any relevant state court record, counsel for Respondent, Sonya Roebuck Horbelt, Chief Assistant Attorney General, has filed a three-page Motion to Dismiss Petition for Failure to Name a Proper Respondent. ECF No. 13. In this motion, Counsel Horbelt asserts the proper respondent is the person who has custody over Petitioner LoRusso. Id. at 2. This is true, of course, 28 U.S.C. § 2243; however, it is not a basis for dismissing this habeas petition. Indeed, none of the cases cited by Counsel Horbelt stand for the proposition that a habeas petition filed by a state pre-trial detainee should be dismissed for failure to name a proper respondent. See Isidor v. Whitaker, No. 19-10018-civ, 2019 WL 13215660, at *3 n.1 (S.D. Fla. April 18, 2019); Sandifer v. Fla., No. 18cv2088-T-17TGW, 2018 WL 10579592, at *2 (M.D. Fla. No. 20, 2018); Kleparek v. Fla. Civ. Commitment Ctr., No.

2:13cv490-FTM-38CM, 2014 WL 7218881, at *3 (M.D. Fla. Dec. 17, 2014); Ennis v. Duval State Att'y, No. 203CV5FTM29SPC, 2006 WL 845378, at *2 (M.D. Fla. Mar. 30, 2006).  Notably, as evidenced by an attachment to the amended § 2241 petition, Counsel Horbelt has filed at least one Status Report in 2023 in LoRusso § 2254 habeas case in the Middle District, referenced above, and thus appears at least somewhat familiar with his cases.  *See* ECF No. 10-1 at 7-8 (Status Report filed 5/08/23 in LoRusso v. Sec'y, Dep't of Corr., No. 8:22cv2258-MSS-TGW (M.D. Fla.)).

Counsel Horbelt further indicates that, in this case, "the proper respondent is the Secretary of the Florida Department of Children and Families, not the Florida Department of Corrections."  ECF No. 13 at 2.  The Court will direct the Clerk to make this substitution, as indicated in note 1, *supra*.  Even with this substitution, however, the Florida Attorney General will still have to respond to the § 2241 petition.  *See, e.g.*, Kleparek, 2014 WL 7218881 at *3 ("The proper respondent in a habeas action filed by a civil detainee at the FCCC is the Secretary of the Department of Children and Families, who would be represented by counsel from the Office of the Florida Attorney General.").

Finally, the Court notes, for purposes of any additional filings in this case, the Eleventh Circuit indicated in an opinion in an appeal that occurred

during LoRusso's pending § 2254 petition in the Middle District, "The record reflects that LoRusso has been barred from further pro se filings at all three levels of Florida's court system due to his frivolous or meritless filings." ECF No. 204 at 3 in LoRusso v. Sec'y, Dep't of Corr., No. 8:22cv2258-MSS-TGW (M.D. Fla.). Petitioner LoRusso has filed several § 2241 cases[2] in this Court that appear to arise out of the same pending state court proceeding; if so, upon review by the Court, these cases should all have the same Respondent and are subject to dismissal as duplicative.[3]

## Conclusion

Based on the foregoing, Respondent's Motion to Dismiss for Failure to Name a Proper Respondent, ECF No. 13, should be denied.

## ORDER

1. The Clerk of Court shall substitute the Secretary, Florida Department of Children and Families, as the sole Respondent in this case.

---

[2] The undersigned is assigned to eight (8) other habeas cases initiated by Petitioner LoRusso: LoRusso v. Sixth Jud. Cir., 1:25cv108-MCR/MAF; LoRusso v. Bartlett, 4:25cv221-TKW/MAF; LoRusso v. Bautlett, 1:25cv147-MCR/MAF; LoRusso v. State of Fla., 1:25cv148-MW/MAF; LoRusso v. Noem, 1:25cv163-AW/MAF; LoRusso v. Harris, 1:25cv170-TKW/MAF; LoRusso v. State of Fla., 1:25cv197-TKW/MAF; and LoRusso v. Matthey, 1:25cv198-AW/MAF.

[3] Indeed, a check this day of the Court's CM/ECF system reveals at least 25 habeas cases brought by Petitioner LoRusso, some of which have already been dismissed as duplicative and/or frivolous. *See, e.g.*, LoRusso v. Gualtieai, 1:25cv109-TKW/HTC; LoRusso v. Gualtieri, 1:25cv110-AW/HTC; LoRusso v. State Atty's Office, 1:25cv111-MW/ZCB; LoRusso v. State of Fla., 1:25cv159-TKW/HTC; LoRusso v. State of Fla., 1:25cv160-AW/ZCB; LoRusso v. Matthey, 4:25cv220-MCR/HTC.

Case No. 1:25cv105-TKW/MAF

2. The Clerk of Court shall change the Cause designation on the docket for this case to reflect that it is a § 2241 petition for writ of habeas corpus.

3. Petitioner's request for appointment of counsel and an evidentiary hearing, ECF No. 14, is **DENIED without prejudice**.

## RECOMMENDATION

it is respectfully **RECOMMENDED** that Respondent's Motion to Dismiss for Failure to Name a Proper Respondent, ECF No. 13, be **DENIED**. It is further **RECOMMENDED** that Respondent be directed to file an answer to the amended § 2241 habeas corpus petition within ten (10) days of the order adopting this Report and Recommendation, and Petitioner be permitted to file a reply, if any, within thirty (30) days after service of Respondent's answer.

**IN CHAMBERS** at Tallahassee, Florida, on August 7, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.