**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**MICHAEL LORUSSO,**

**Petitioner,**

**v. Case No. 1:25cv105-TKW/MAF**

**SECRETARY, Florida Department of Children and Families,**

**Respondent.**

**_________________________________/**

**REPORT AND RECOMMENDATION**

On or about April 14, 2025, Petitioner Michael LoRusso, a state pre-trial detainee then confined at the North Florida Evaluation and Treatment Center in Gainesville, Florida, filed a pro se handwritten petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He subsequently filed an amended § 2241 petition, challenging his pretrial detention order adjudicating him incompetent and committing him to the Department of Children and Families (DCF) in criminal case number 24-06524-CF from the Sixth Judicial Circuit, Pinellas County. ECF No. 10; *see* ECF No. 31.

In July 2025, Respondent filed a Motion to Dismiss Petition for Failure to Name a Proper Respondent. ECF No. 13. The undersigned entered a Report and Recommendation to deny Respondent's motion, ECF No. 16,

and the district judge adopted the Report and Recommendation in an Order dated August 29, 2025, ECF No. 21. That Order denied Respondent's motion to dismiss, allowed Respondent 14 days to file a response to the amended § 2241 petition, and allowed Petitioner 28 days to file a reply, if any. ECF No. 21 at 1-2.

On September 12, 2025, Respondent filed a Motion to Dismiss, asserting the DCF holds Petitioner in lawful custody and dismissal is required under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). ECF No. 31 at 1-7, 11-12. Respondent also asserted, among other things, that Petitioner LoRusso did not avail himself of established state court remedies. *Id*. at 7-9, 14-16.

In October 2025, Petitioner LoRusso filed an "Amended Response of Habeas Corpus." ECF No. 36. At this point, the case filings were complete and the case was placed in line for review. Petitioner LoRusso continued to file various motions and notices. *See* ECF Nos. 37-46. The same occurred in his other case pending at the time in this Court. *See* LoRusso v. Fla. Dep't of Children & Families, 1:25cv108-MCR/MAF.

On or about January 28, 2026, Petitioner LoRusso submitted for filing a handwritten "Amended Petition for Writ of Habeas Corpus." ECF No. 47. Respondent did not file anything in response to Petitioner's filings, including

Page 3 of 15

the "Amended Petition." Given the circumstances, the Court considered Petitioner LoRusso's most recent filing of a handwritten amended petition, ECF No. 47, as a request to file a second amended § 2241 petition and granted that request in an order entered February 19, 2026. ECF No. 48. As a result, in that same order, the Court denied all pending motions as moot, including Respondent's Motion to Dismiss, ECF No. 31. The Court directed Petitioner to submit his second amended § 2241 petition on the proper form, which Petitioner filed, on or about March 24, 2026, ECF No. 53, along with a supplemental memorandum, ECF No. 54.

By order on March 31, 2026, this Court directed Respondent to file an answer, motion, or other response to the second amended § 2241 petition on or before June 21, 2026. ECF No. 56. The Court also directed the Petitioner shall file a reply, if any, no later than July 1, 2026, and specifically explained to Petitioner that "[o]ther than a reply and any future notices of change of address, [he] need not file anything else unless directed to do so by the Court." *Id.* at 3.

On June 1, 2026, Respondent filed a Motion to Substitute Parties and Motion to Dismiss with Incorporated Memorandum of Law. ECF No. 57. Respondent also filed exhibits. *Id.* Respondent indicates Petitioner LoRusso was transported from the North Florida Evaluation and Treatment

Center to the Pinellas County Jail in Clearwater, Florida, in February 2026. *Id*. at 2. Respondent further indicates the state court in Pinellas County found Lorusso competent to proceed on February 26, 2026. *Id*. Respondent asserts that because Lorusso is no longer in the physical custody of the DCF, the DCF Secretary is not the proper respondent in this case at this point and the proper respondent is Sheriff Bob Gualtieri, Pinellas County Sheriff's Office, whom counsel for Respondent (the Office of the Attorney General) is not authorized to represent. *Id*. at 6-7. Respondent also asserts this case should be dismissed because the second amended § 2241 petition presents only conclusory claims and is thus is legally insufficient. *Id*. at 7-9. In addition, Respondent asserts that abstention is required under Younger because Lorusso is in state custody pursuant to pending criminal charges, which involve important state interests, and has an adequate opportunity to raise constitutional challenges there and in any appeal therefrom, if convicted, or in collateral review proceedings. *Id*. at 9-13.

Petitioner LoRusso has submitted various filings labeled as "petitions." ECF No. 58 ("Petition of Judge Waverly Crenshaw's Order Release of Kilmar Garcia"); ECF No. 59 ("Petition to Grant Petition Unopposed Emergency Ruling or Hearing"); ECF No. 60 ("Second Petition to Grant Petition Unopposed"); ECF No. 61 ("Third Petition to Grant Petition Unopposed");

Page 5 of 15

ECF No. 62 ("Amended Petition to Respondent's Response"). The first "petition" contains information not relevant to this case and should not be considered. The next three "petitions" are premised on the assumption Respondent did not comply with the Court's order directing it to file an answer, motion, or other response on or before June 1, 2026, see ECF Nos. 59-61; because Respondent did timely comply with this Court's order, these "petitions" should be denied. The last "petition," ECF No. 62, appears to constitute Petitioner's reply to the Motion to Dismiss and the Court will consider it as such. Notably, Petitioner has not submitted a Notice of Change of Address in this case, although he did submit such a notice in his other case. *See* ECF No. 47 in LoRusso, 1:25cv108-MCR/MAF.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings before the Court show the petition should be dismissed.

## Analysis

Pursuant to 28 U.S.C. § 2241(a), a state pre-trial detainee may challenge his confinement as unconstitutional by petitioning for habeas

corpus relief. Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261–62 (11th Cir.2004) (holding pre-trial petition for habeas corpus relief is properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of present status of case pending against petitioner); *see* Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir.2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.").

Habeas relief may be granted only if remedies have been exhausted. *See* 28 U.S.C. § 2254(b). A habeas petitioner has not exhausted remedies if he still has the right to raise the issue in state court. *See id.*; O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). To properly exhaust state remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845. Here, it is not clear that Petitioner LoRusso has exhausted his state remedies.

Regardless, as Respondent indicates, Petitioner LoRusso has been released from his pre-trial confinement at the North Florida Evaluation and

Treatment Center in Gainesville, Florida. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002). "A case that is moot must be dismissed because mootness is jurisdictional." Biester v. Lanier, 249 F. App'x 782, 783 (11th Cir. 2007) (citing Soliman, 296 F.3d at 1242).

In this habeas proceeding, Petitioner LoRusso sought release from pretrial detention at the Gainesville treatment center facility and challenged the state trial court's order finding him incompetent to proceed, which had resulted in his placement at that facility. *See* ECF 53. According to documentation provided by Respondent, LoRusso was released from confinement at that facility in February 2026, and transferred to the Pinellas County Jail as of February 18, 2026. Ex. 3 (Order to Transport and Notice of Hearing); Ex. 4 (Pinellas County Sheriff's Office booking information). Respondent also provided documentation that the state trial court has since found Lorusso competent to proceed, in an order issued February 26, 2026. Ex. 5 (Order Finding Defendant Competent). Therefore, this habeas petition, which challenges such confinement and order finding him incompetent, should be dismissed as moot. *See, e.g.*, Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner was

no longer in custody and petition had challenged only state's calculation of gain-time credits); Graham v. U.S. Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petition had sought release on parole and petitioner was released on parole during pendency of habeas action).

That LoRusso evidently remains in pre-trial custody in the Pinellas County Jail does not affect the mootness of this habeas petition. *See, e.g.*, Garey v. Fed. Det. Ctr., Miami, 180 F. App'x 118, 120 (11th Cir. 2006) ("As to Garey's claim [in his appeal from denial of a § 2241 petition challenging pre-trial detention] which relates to his transfer for psychiatric evaluation, that claim is now moot. Garey's transfer for evaluation ceased upon his transfer back to the Middle District of Georgia for trial and sentencing. Moreover, the government states that Garey was credited for time spent in evaluation towards his final sentence. Because Garey's transfer ended and he was credited for time spent in evaluation, this Court cannot provide Garey with meaningful relief in the context of his § 2241 petition. Unless this case falls within the mootness exception [and the court determined it did not], it must be dismissed as moot."); Hatcher v. State of Tenn., No. 3:24cv1427, 2025 WL 2315429, at *1 (M.D. Tenn. July 18, 2025) (Memorandum Opinion and Order dismissing § 2241 petition as moot and explaining: "Petitioner brought

this Petition challenging his pretrial detention for criminal case number GS1025527. Since the Petition was filed, that prosecution was dismissed based on Petitioner's mental incompetence. Thus, the pretrial custody he challenged in his petition has ended, and his Petition challenging that custody is moot. *Cf*. Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) ("Once [petitioner] was convicted, the claims concerning his pre-trial confinement became moot."); Contreras v. Bouchard, No. 23-cv-10703, 2023 WL 7924708, at *2 (E.D. Mich. Nov. 16, 2023) (same, collecting cases). Accordingly, the Petition must be dismissed as moot." (citations to docket and footnote omitted)); Phillips v. Patton State Hosp., No. 5:22cv513-VAP/MAA, 2023 WL 2616107 (Report and Recommendation that § 2241 petition be dismissed as moot where petitioner, who filed habeas action while held pre-trial for involuntary treatment, had since been released from treatment facility and found competent to stand trial, explaining: "Claims raised in habeas petitions that are fully resolved by release or transfer from an institution generally will be considered moot upon the petitioner's release or transfer. *See* Rodriguez v. Allison, No. 21-CV-1443-MMA(WVG), 2022 WL 3219424 at *——, 2022 U.S. Dist. LEXIS 142201 at *10 (S.D. Cal. Aug. 9, 2022) (recommending dismissal of petition challenging denial of parole eligibility while petitioner was in custody of the state as moot where petitioner

had since been transferred to custody of the county), *Report and Recommendation adopted by* 2022 U.S. Dist. LEXIS 171145 (S.D. Cal. Sept. 21, 2022); Ye v. Nordheim, No. 2:18-cv-10072-JVS-KES, 2019 WL 979245, at *———, 2019 U.S. Dist. LEXIS 32481, at *7–8 (C.D. Cal. Feb. 27, 2019) (finding petition moot where it appeared petitioner had been released from immigration custody, such that there was no further relief the Court could provide). Where a petitioner challenges involuntary commitment after a finding of incompetency to stand trial in a habeas action, such claims become moot upon a finding that the petitioner is competent to stand trial or the petitioner's release from the involuntary commitment. *See* Hason v. Superior Court-Los Angeles Sheriff, No. CV 14-8446-SVW (JPR), 2015 WL 10607561 at *———, 2015 U.S. Dist. LEXIS 177473 at *10 (C.D. Cal. Dec. 18, 2015) (recommending dismissal of habeas action challenging involuntary commitment and competency determination as moot in light of petitioner having been found competent and criminal proceedings reinstated), *Report and Recommendation adopted by* 2016 WL 1363384, 2016 U.S. Dist. LEXIS 46750 (C.D. Cal. Apr. 4, 2016); Best v. Barbarotta, No. 12-CV-6218 (NGG), 2016 WL 1588501 at *———, 2016 U.S. Dist. LEXIS 52290 at *8 (E.D.N.Y. Apr. 19, 2016) (finding petition challenging commitment at psychiatric center after having been found incompetent to stand trial moot where petitioner was

no longer committed).”), *adopted by order of district judge*, 2023 WL 2615997 (C.D. Cal. Mar. 22, 2023).

Moreover, as Respondent also points out, the state court criminal proceedings against LoRusso are ongoing. *See* ECF No. 57 at 11; Ex. 6 (Amended Felony Information filed April 10, 2026). Pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), federal courts will not interfere with pending state criminal proceedings absent the existence of very narrow circumstances. “When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the ‘Younger abstention hurdles’ before the federal courts can grant such relief.” Hughes v. Att’y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004). In Younger, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that “absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions.” New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64. Federal courts consistently abstain from enjoining state criminal prosecutions unless one of the following limited exceptions applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate

alternative state forum exists in which to raise the constitutional issues. Younger, 401 U.S. at 45–49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception appears applicable here. LoRusso has not made a "substantial allegation" showing the state prosecution is motivated by bad faith, nor has he alleged sufficient facts to show irreparable injury would occur. *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).

Further, Florida state courts have adequate and effective procedures for reviewing his claims. Respondent indicates that LoRusso "has filed several motions" this year in state court and he "raised the constitutional questions he presents in the instant petition." ECF No. 57 at 11; *see id*. at 2-3; Exs. 8-10. Accordingly, if this habeas petition is not moot, this Court should abstain from reaching the merits of the claims regarding LoRusso's pending criminal charges. *See, e.g.*, Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) ("Younger itself held that, absent unusual circumstances, a

federal court could not interfere with a pending state criminal prosecution."); Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005) ("Younger abstention is the doctrine that federal courts should abstain from interfering with ongoing state criminal prosecutions."); Coley v. Clinton, 635 F.2d 1364, 1371 (8th Cir. 1980) (holding Younger abstention precludes federal court from considering action for declaratory and injunctive relief challenging "state court proceedings for commitment").

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner's second amended § 2241 petition, ECF No. 5, be **DISMISSED as moot** or, in the alternative, on Younger grounds. It is further recommended that Petitioner's pending motions and petitions, ECF Nos. 59-61, be **DENIED**, and Respondent's Motion to Substitute Parties and Motion to Dismiss, ECF No. 57, be **DENIED as moot**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule

11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any arguments as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Petitioner's second amended § 2241 petition, ECF No. 53, be **DISMISSED as moot** or, in the alternative, on Younger grounds. It is further recommended that Petitioner's pending motions and petitions, ECF Nos. 59-61, be **DENIED**, and Respondent's Motion to Substitute Parties and Motion to Dismiss, ECF No.

57, be **DENIED as moot**. It is also **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**